UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPEN INSURANCE UK LIMITED,<br><br>Defendant. | Case No. 17-cv-03765-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 6 |

Defendant's motion to strike is scheduled for a hearing on September 22, 2017. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

On May 22, 2017, plaintiff filed this lawsuit in the Superior Court for the County of Contra Costa. On June 30, 2017, defendant, a citizen of the United Kingdom, removed this case to this Court on the basis of diversity jurisdiction. The complaint alleges that plaintiffs are California corporations, limited partnerships, or limited liability companies, and that defendant Aspen Insurance UK Ltd. is an insurance company that issued general liability insurance policies to plaintiffs. Compl. ¶¶ 1-9, 12.

The complaint alleges that the general liability policies each contain a $250,000 per-occurrence self-insured retention provision. *Id.* ¶ 15. Plaintiffs allege that under these policies, "Aspen owed each or any plaintiff herein … an immediate, first-dollar defense without regard to whether or not the self-insured retention was satisfied." *Id*. Plaintiffs also allege that "expenses

Aspen incurs[] will erode the self-insured retention." *Id.* The complaint alleges that one or more of the plaintiffs has been sued in a number of lawsuits, and that in each of those lawsuits Aspen "neither investigated nor defended plaintiffs upon receiving notice, breaching its obligations to plaintiffs." *Id.* ¶ 18. The complaint alleges,

> Aspen has and continues to assert that it has no duty to defend plaintiffs until one or more self-insured retentions have been satisfied. Even after plaintiffs demonstrated to Aspen that they had themselves made payments sufficient to satisfy an SIR, Aspen failed and refused to undertake plaintiffs' defense, seeking to evade its defense obligations by asserting that plaintiffs had to pay multiple self-insured retentions (i.e., multiples of $250,000) before Aspen would consider defending. As a result, plaintiffs have been required to pay defense costs and other expenses associated with receiving the defense that Aspen should have provided at no charge to plaintiffs beyond the premiums they paid.

*Id.*

The complaint alleges the following causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing, (3) four claims for declaratory relief; (4) unfair, unlawful and fraudulent business practices pursuant to California Business and Professions Code section 17200; and (5) unfair, deceptive, untrue and/or misleading advertising pursuant to California Business and Professions Code section 17200. The complaint states that plaintiffs bring the section 17200 claims on behalf of themselves and "other insureds." *Id.* ¶¶ 45, 51. The complaint contains a section titled "Pattern and Practice," which alleges:

> 20. Plaintiffs are informed and believe and thereon allege that Aspen has issued to parties other than plaintiffs insurance policies containing self-insured retention endorsements or provisions substantially similar to the self-insured retention language in the policies issued to plaintiffs, which language specifically provides that Aspen's duty to defend applies irrespective of the self-insured retention amount. Plaintiffs are informed and believe and thereon allege that the number of persons to whom Aspen has issued such policies is in the hundreds, and that Aspen issued multiple such policies to individual policyholders. Plaintiffs are informed and believe and thereon allege that Aspen has taken the same wrongful position concerning its duty to defend – namely, that it has no duty to defend until the insured pays the self-insured retention amount – with such other insureds under such other policies as Aspen . . . , thereby depriving these other insureds of the benefits to which they were entitled under the policies and forcing the insureds to incur expenses that Aspen should have incurred. This class of persons is so numerous that joining all members is impracticable.
>
> 21. Plaintiffs are informed and believe and thereon allege that Aspen has taken the same wrongful position concerning the number of self-insured retentions a policyholder must satisfy before receiving policy benefits – namely, that there is one occurrence for each year the insurance program was in effect, even where the conduct constituting the occurrence did not change.

> 22. The questions of law and fact are common to the claims of each of the policyholders that fall within the class described above, Aspen having engaged in a course of conduct that adversely affects this group of policyholders and that gives rise to the causes of action alleged herein.
>
> 23. Plaintiffs' individual claims are typical of the claims of the various class members because the claims arise from the same course of conduct that gives rise to the claims of other class members and the claims are based on the same principles of law and the same policy language.
>
> 24. Plaintiffs have the willingness and ability to take an active role in and control of the litigation to protect the interests of the class members.

*Id.* ¶¶ 20-24.

## DISCUSSION

Defendant moves to strike paragraphs 20-24 as well as portions of paragraphs 42, 43, 45, 48, 49, 51, and paragraphs 7 and 8 from the Prayer for Relief. The paragraphs and language at issue contain plaintiffs' representative/class allegations and seek representative/class relief. Defendant contends that as a pleading matter, these allegations are deficient because plaintiffs do not allege that this case can be certified pursuant to Federal Rule of Civil Procedure 23. Defendant notes that complaint does not set forth a definition of the proposed class, nor does the complaint plead the Rule 23 requirements for class certification such as commonality, typicality, adequacy, superiority and predominance. Defendant also argues that plaintiffs will never be able to satisfy the Rule 23 requirements because of the nature of this insurance coverage dispute. Defendant asserts, *inter alia*, that every insurance policy is customized to address the needs of the individual insured, and therefore that individual issues will predominate.

Plaintiffs respond that defendant assumes but does not demonstrate that Rule 23 applies to plaintiffs' section 17200 claims, which plaintiffs state they are bringing as representative claims under state law, and (by implication, at least) not class claims under Rule 23. Opp'n at 5 (Dkt. No. 19). Defendant's reply does not address this argument, and simply asserts that plaintiffs have failed to comply with Rule 23. Plaintiffs also contend that defendant's arguments regarding the propriety of class certification are premature, and that the Court should consider these matters in connection with a motion for class certification and not in a motion to strike.

In light of plaintiffs' clarification that the complaint does not allege class claims under

Rule 23 but rather seeks to assert representative claims under section 17200, the Court DENIES defendant's motion to strike plaintiffs' class allegations. The Court makes no finding regarding whether plaintiffs' section 17200 representative claims are adequately alleged or appropriate in this case. *See*, e.g., *Marshall v. Standard Ins. Co.,* 214 F.Supp.2d 1062 (C.D. Cal. 2000). The Court also notes that while plaintiffs' opposition states that plaintiffs are bringing representative claims, plaintiffs also make reference to "seek[ing] class certification" after conducting discovery. Opp'n at 2 (Dkt. No. 19). If plaintiffs do in fact plan to seek class certification under Rule 23, plaintiffs are advised that they should file an amended complaint that includes class allegations which comply with Rule 23. *See generally O'Connor v. Boeing North Am., Inc.*, 197 F.R.D. 404, 419-20 (C.D. Cal. 2000) (discussing representative section 17200 claims versus certified section 17200 claims); *see also Marlo v. United Parcel Serv., Inc*., 639 F.3d 942, 947 (9th Cir. 2011) ("Federal Rule of Civil Procedure Rule 23 governs the class-certification issue even if the underlying claim arises under state law."); *Briseno v. ConAgra Foods*, 844 F.3d 1121 (9th Cir. 2017) (discussing Rule 23 requirements).[1]

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to strike.

**IT IS SO ORDERED**.

Dated: September 12, 2017

SUSAN ILLSTON
United States District Judge

---

[1] The Court advises defendant that if plaintiffs file an amended complaint alleging a Rule 23 class, the Court does not intend to assess the propriety of class certification through a motion to strike. Rather, it is the Court's view that the better practice is to evaluate class certification through a motion for class certification.