UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Albert D. Seeno Construction Co.**, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**Aspen Insurance UK Ltd.**,<br>　　　　　Defendant. | Case No. 17-cv-03765-SI<br><br>[P~~ROPOSED~~] ORDER APPOINTING MARK NEWTON AS ACCOUNTING EXPERT PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 706<br><br>The Hon. Susan Illston |

Upon the stipulation of Albert D. Seeno Construction Co. et al. ("Plaintiffs") and Aspen Insurance UK Ltd. ("Aspen")—hereinafter collectively referred to as "The Parties"—and pursuant to Federal Rule of Evidence 706, this Court finds and orders as follows:

**APPOINTMENT OF ACCOUNTING EXPERT**

1. The Court finds that the appointment of an Accounting Expert is necessary to collect and analyze voluminous records of payments that are at issue in this case.

2. Mark Newton, a Partner at the firm of Hagen, Streiff, Newton & Oshiro,

4053866　　[PROPOSED] ORDER APPOINTING ACCOUNTING EXPERT PURSUANT TO RULE 706 OF FEDERAL RULES OF EVIDENCE　　Case No.: 17-cv-03765-SI

-1-

Accountants, PC is well qualified to serve as Accounting Expert in this matter and has agreed to do so pursuant to this Order's terms.

3. All Parties have stipulated to the appointment of Mark Newton as Accounting Expert in this matter.

4. Mark Newton is appointed Accounting Expert in this matter.

5. The Accounting Expert's term of service will end when his duties are completed or when the Court terminates the appointment, whichever comes first.

**PARTIES' DUTIES AND STIPULATION**

6. Plaintiffs shall disclose to Aspen and to Accounting Expert the following:

   a. Identifying information of each claim and/or suit for which Plaintiffs seek coverage under the Aspen policies in this action. To the extent available, the identifying information shall include the name and court docket number of the underlying case, the homeowner(s), the individual home addresses, the individual home's original close of escrow date, and the project in which the home is located;

   b. Plaintiffs' contention regarding the date that Aspen first received notice of any claim identified under paragraph 6.a.;

   c. All evidence establishing the date that Aspen first received notice of any claim identified under paragraph 6.a.;

   d. All invoices for which Plaintiffs seek reimbursement from Aspen and all invoices that Plaintiffs claim erode any applicable self-insured retentions under Aspen's policies;

   e. Evidence of any and all reimbursements issued to Plaintiffs

4053866 | [PROPOSED] ORDER APPOINTING ACCOUNTING EXPERT PURSUANT TO RULE 706 OF FEDERAL RULES OF EVIDENCE | Case No.: 17-cv-03765-SI

-2-

relating to invoices for which Plaintiffs seek reimbursement from Aspen;

 f. All settlement agreements for which Plaintiffs seek reimbursement from Aspen and all settlement agreements that Plaintiffs claim erode any applicable self-insured retentions under Aspen's policies;

 g. Evidence of any and all indemnity or reimbursement issued to Plaintiffs relating to settlement payments for which Plaintiffs seek indemnity from Aspen;

 h. To the extent Plaintiffs paid any invoice disclosed under paragraph 6.d. or any settlement agreement disclosed under paragraph 6.f., proof of payment by Plaintiffs or any third-party on Plaintiffs' behalf other than Aspen.

7. Aspen shall disclose to Plaintiffs and to Accounting Expert the following:

 a. Invoices in Aspen's care, custody or control for attorney's fees and defense expenses incurred in each claim or suit identified by Plaintiffs under paragraph 6.a.;

 b. Aspen's contention regarding the date that Aspen first received notice of any claim identified under paragraph 6.a.;

 c. All evidence establishing the date that Aspen first received notice of any claim identified under paragraph 6.a.;

 d. Settlement agreements in Aspen's care, custody or control for each claim or suit identified by Plaintiffs under paragraph 6.a.;

 e. To the extent Aspen paid any invoice disclosed under paragraph

4053866   [Proposed] Order appointing Accounting Expert pursuant to Rule 706 of Federal Rules of evidence   Case No.: 17-cv-03765-SI

-3-

                7.a. or any settlement agreement disclosed under paragraph 7.b., proof of payment by Aspen;

      f. Where pertinent, proof of the date of receipt by Aspen of any invoice disclosed under paragraph 7.a. or any settlement agreement disclosed under paragraph 7.b.,

      g. Proof of any recovery or reimbursement to Aspen of sums paid on any invoice disclosed under paragraph 7.a. or any settlement agreement disclosed under paragraph 7.b., including the person or entity from whom Aspen received recovery or reimbursement and the date of receipt.

8. All communications with Accounting Expert—other than communications from counsel pursuant to paragraphs 18 and 19—and all documents given to Accounting Expert for consideration shall be shared with all Parties.

9. The Parties stipulate that no documents evidencing any covered claims raised or the details thereof, any notice to Aspen of such claims, any invoices arising therefrom or settlement agreements pertaining thereto, any notice to Aspen of invoices or proposed settlements, any proof of original payment by Plaintiffs, any reimbursement or indemnity issued to Plaintiffs, any payment by Aspen, or any reimbursement received by Aspen shall be admissible at trial unless previously disclosed to Accounting Expert and to the Parties or unless upon a showing of good cause that such evidence should be admitted.

**ACCOUNTING EXPERT'S DUTIES**

10. Accounting Expert shall:

      a. aggregate into one or more spreadsheets, as Accounting Expert in his

discretion shall deem most appropriate for purposes of data access and analysis, data regarding defense, settlement and other litigation expenses paid or incurred by or reimbursed by or to Plaintiffs, Aspen, or any third party on behalf of Plaintiffs, to defend or resolve any of the underlying actions that are the subject of this lawsuit;

b. report jointly to the Parties any apparent gaps in the data so that the Parties may provide missing information;

c. report jointly to the Parties any duplicate payments reflected in the data and shall be guided by the Parties jointly in resolving duplicate information. Data duplications based on duplicative document production shall be eliminated. Actual duplicate payment shall remain in the spreadsheet and shall be marked as such;

11. The data in the spreadsheets shall be sufficiently detailed to allow Accounting Expert to sort the data by underlying case, by individual home, by individual home's close of escrow date, by project, by the nature of the expense or payment (defense or settlement), by vendor, by date(s) the services were rendered, by date of payment, and by date that such information was first provided to Aspen.

12. The Parties may produce to Accounting Expert additional data concerning expenses as they are incurred and paid, and the Accounting Expert shall update the spreadsheet(s) in a timely manner to reflect that additional data.

13. Accounting Expert shall retain the raw or base information from which he creates the spreadsheets in the form introduced to him, and shall make that information available to any party on reasonable request. The Court may receive the spreadsheets into evidence under Federal Rules of Evidence Rule 1006.

14. Accounting Expert shall create and maintain the spreadsheets in a secure environment that is backed up according to Accounting Expert's customary practice, but in no event less than once a month. Upon reasonable request the Parties or any of them shall be entitled to their own electronic copy at requestor's sole expense.

15. It shall not be the Accounting Expert's duty to determine which of the Parties' coverage or legal theories is legally correct. Accounting Expert shall render no opinions to any party on those issues.

16. Accounting Expert may communicate—whether in person, by phone, or in writing, and whether jointly or ex parte—with the attorneys for the respective Parties.

17. Jointly, the Parties may ask Accounting Expert to make financial calculations and determinations under specified scenarios. These joint requests shall be made in writing. Accounting Expert shall communicate any questions, and the results of the inquiries, to the Parties jointly and in writing, together with any limitations on the results.

18. Ex parte, any party may ask Accounting Expert to make financial calculations and determinations under specified scenarios. Such requests and responses to Accounting Expert need not be in writing and shall not be communicated to any other party except with the express written permission of the requesting party. However, if the requesting party intends to use the response to any ex parte request as evidence at trial, then the requesting party shall inform the Accounting Expert of this fact and must permit the Accounting Expert to disclose to all other Parties the requesting party's request and all communications with the Accounting

4053866 | [PROPOSED] ORDER APPOINTING ACCOUNTING EXPERT PURSUANT TO RULE 706 OF FEDERAL RULES OF EVIDENCE | Case No.: 17-cv-03765-SI

-6-

Expert regarding that request and subsequent response. Such disclosure must occur at least one month prior to the close of expert discovery in this matter and in the manner required by the Federal and Local Rules.

19. From between the date one month prior to the close of expert discovery until two weeks prior to the close of expert discovery, any party may issue an ex parte request to the Accounting Expert to generate rebuttal financial calculations and determinations limited to rebutting those scenarios disclosed by the opposing party pursuant to paragraph 18. If the requesting party intends to use the response to any ex parte rebuttal request as evidence at trial, then the requesting party shall inform the Accounting Expert of this fact and must permit the Accounting Expert to disclose to all other Parties the requesting party's request and all communications with the Accounting Expert regarding that request and subsequent response, which must be disclosed at least two weeks prior to the close of expert discovery in this matter and in the manner required by the Federal and Local Rules.

20. The Accounting Expert may communicate ex parte with the Court. When practicable, the Accounting Expert will give the Parties advance notice of such communications. If advance notice is not practicable, the Parties will be informed that an ex parte communication has occurred.

**BUDGET AND COMPENSATION**

21. Within 14 days of this Order and after consultation with the Parties, the Accounting Expert will submit to the Court a proposed budget for the cost of aggregating the data, creating the spreadsheets and maintaining them and the data, including a proposed hourly rate and an estimate of expenses. After consulting

with the Accounting Expert and with the agreement of the Parties, the Court will approve the proposed budget, with any revisions the Court deems appropriate.

22. The costs of the Accounting Expert to prepare the proposed budget, aggregate the data, create the spreadsheets and maintaining them and the data, and for addressing any queries under paragraph 17 shall be paid 50% by the aggregate Plaintiffs and 50% by Defendant Aspen Insurance UK Ltd. The costs of the Accounting Expert relating to ex parte requests under paragraph 18 and 19 shall be paid by the requesting party.

Dated 10/22/18

_____

The Hon. Susan Illston