UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ASPEN INSURANCE UK LIMITED,<br><br>Defendant. | Case No. 17-cv-03765-SI<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 58 |

The parties have submitted a letter brief regarding a discovery dispute. Dkt. No. 58. Plaintiffs seek an order compelling defendant to respond to interrogatories and document requests that seek information about other Aspen policyholders whose policies contain self-insured retention endorsements similar to the endorsements contained in plaintiffs' policies. Plaintiffs assert that they are entitled to this discovery because they are bringing a "representative" claim under California Business & Professions Code section 17200.

Defendant opposes this discovery on numerous grounds, including its argument that "representative" actions under section 17200 were eliminated by Proposition 64 in 2004. Defendant cites *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009), in which the California Supreme Court construed "the statement in section 17203, as amended by Proposition 64, that a private party may pursue a representative action under the unfair competition law only if the party 'complies with Section 382 of the Code of Civil Procedure' to mean that such an action must meet the requirements for a class action." *See also Circle Click Media LLC v. Regus Management Group LLC*, Case No. 12-cv-04000-EMC, 2016 WL 3879028, at *5 (N.D. Cal. July 16, 2016) (citing *Arias* and holding that "even if there were Article III standing, the Court cannot issue injunctive relief on behalf of others as a matter of state law under the UCL without class certification.").

1 In connection with earlier motion practice in this case, plaintiffs indicated that they did not intend to seek class certification, and instead wished only to pursue their representative section 17200 claim. *See generally* Dkt. No. 19 (Plaintiffs' Opposition to Defendant's Motion to Strike Class Allegations). However, *Arias* and *Circle Click* suggest that plaintiffs may not pursue a representative section 17200 claim without also seeking class certification under Rule 23.[1] The Court directs the parties to file supplemental briefs regarding whether plaintiffs may pursue a representative section 17200 claim in federal court without also seeking class certification. If plaintiffs are not able to pursue a representative section 17200 claim without also seeking class certification, the Court directs plaintiffs to state whether they intend to amend the complaint to allege class allegations under Federal Rule of Civil Procedure 23.

The parties shall file the supplemental briefs no later than **November 13, 2018**.

**IT IS SO ORDERED**.

Dated: November 2, 2018

SUSAN ILLSTON
United States District Judge

---

[1] In *Circle Click*, Judge Chen denied class certification and then subsequently granted partial summary judgment in favor of the defendants. *See* Dkt. No. 374 in 3:12-cv-04000-EMC (N.D. Cal.).