UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ASPEN INSURANCE UK LIMITED, <br><br> Defendant. | Case No. 17-cv-03765-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. Nos. 58, 60, 61 |

This order resolves a pending dispute regarding plaintiffs' discovery seeking information and documents about other policyholders who have policies containing provisions that are identical or "substantially similar" to two Self Insured Retention provisions contained in plaintiffs' insurance policies.

In the parties' initial letter brief regarding this dispute, plaintiffs stated that this discovery was relevant to their claim for bad faith. In addition, plaintiffs stated that they needed this discovery to establish whether there are similarly situated policyholders to determine whether plaintiffs can satisfy the requirements of a representative action under California Business and Professions Code section 17200. The Court then ordered supplemental briefing on the question of whether, after *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009), plaintiffs can bring a "representative" section 17200 claim without also seeking class certification under Rule 23. The parties have filed those supplemental briefs.

The parties appear to agree that *Arias* holds that if plaintiffs wish to seek disgorgement or

restitution on behalf of other policyholders, plaintiffs are required to seek class certification. However, citing *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 960 (2017), plaintiffs assert that they may seek injunctive relief on behalf of the public under section 17200 without seeking class certification. In *McGill*, the California Supreme Court held that an action by a private plaintiff seeking injunctive relief on behalf of the general public is not a "representative action" under section 17200, and thus need not be brought as a class action. *Id*. at 960-61. Thus, under *Arias* and *McGill*, if plaintiffs wish to bring a representative action seeking disgorgement or restitution on behalf of other policyholders, they must seek to bring this case as a class action under Rule 23, whereas if plaintiffs wish to pursue injunctive relief on behalf of the "general public," they need not.

The Court concludes that plaintiffs are entitled to the discovery sought, with certain limitations. The Court agrees with plaintiffs that the discovery is relevant to plaintiffs' claim for bad faith and punitive damages. *See generally Colonial Life & Acc. Ins. Co. v. Sup. Ct.*, 31 Cal. 3d 785, 790-92 (1982); *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 923 (1978). Further, information about other policyholders will allow plaintiffs to determine if they wish to seek class certification.[1] The Court is not persuaded by defendant's argument that plaintiffs have not shown a need for the discovery because plaintiffs have not actually been injured under the policies, as that question goes to the heart of plaintiffs' claims and cannot be decided on the present record. In addition, defendant has not substantiated its assertion that production of discovery regarding similarly situated policyholders is burdensome or oppressive.

However, the Court agrees with defendant that plaintiffs' requests for information about policies containing language "substantially similar" to plaintiffs' policies is too vague, and thus defendant need only produce discovery regarding other policies containing language identical to the Self Insured Retention provisions at issue here. The Court also agrees with defendant that the discovery should be limited to other insureds who had/have consecutive policies governed by California law, during the time period at issue in this case (2005-2015), and in the same line or type of insurance as plaintiffs' policies. Finally, the Court finds that plaintiffs' proposed letter to other

---

[1] The Court makes no finding at this time about whether this case would be suitable for class certification.

2

policyholders is argumentative for the reasons identified by defendant. The Court approves defendant's proposed letter and will permit defendant to send the letter.

**IT IS SO ORDERED**.

Dated: November 29, 2018

_____
SUSAN ILLSTON
United States District Judge