UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ASPEN INSURANCE UK LIMITED, <br><br> Defendant. | Case No. 17-cv-03765-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. No. 65 |

This order resolves a pending dispute regarding defendant's production of information and documents about other insureds who have policies containing provisions identical to two Self Insured Retention provisions contained in plaintiffs' insurance policies, subject to the limitations specified in the November 29, 2018 Discovery Order (Dkt. No. 62). In that order, the Court directed defendant to produce documents about other insureds because such discovery was relevant to plaintiffs' claim for bad faith, and the Court approved the defendant's proposed letter to the other insureds which informed those entities about the discovery request and sought their consent for disclosure.

At the December 7, 2018 case management conference, plaintiffs' counsel requested for the first time that defendant be required to produce this discovery directly to plaintiffs, rather than only after obtaining the other insureds' consent. Defendant objects to plaintiffs' request, asserting that the other insureds are corporations who enjoy a right to privacy, and thus that the corporations must be allowed to decide whether their confidential information (in the form of insurance policies and documents related to claims made under the policies) should be disclosed in this lawsuit. Defendant states that there "appear to be fewer than five homebuilders" whose policies would be subject to production under the November 29, 2018 Discovery Order. Dkt. No. 65 at 2, fn. 1. Defendant's

United States District Court
Northern District of California

1 articulated concern is that producing this information without consent from its other insureds would 2 grant plaintiffs access to confidential information concerning plaintiffs' direct competitors and 3 would result in harm to defendant and its other insureds. *Id.* at 1-2. For these reasons, defendant 4 asks the Court to recognize that its other insureds are entitled to a right to privacy. *Id.* at 3-6.

5 As an initial matter, the Court notes that California Insurance Code § 791.13, the provision 6 that specifically addresses the disclosure of insurance information, does not apply to business 7 entities. *Kaufman & Broad Monterey Bay v. Travelers Prop. Cas. Co. of Am.*, No. C10-02856 EJD 8 HRL, 2011 WL 2181692, at *4 (N.D. Cal. June 2, 2011). According to the Insurance Code, "[a]n 9 insurance institution, agent, or insurance-support organization shall not disclose any personal or 10 privileged information about an individual collected or received in connection with an insurance 11 transaction unless the disclosure" meets certain requirements. CAL. INS. CODE § 791.13 (West 12 2010). Furthermore, the Insurance Code defines "individual" as "any natural person" subject to 13 certain qualifications, none of which concern business entities. *Id.* at § 791.02(i). Defendant's other 14 insureds are business entities and therefore not entitled to the privacy protections afforded to 15 individuals under California Insurance Code § 791.13.

16 California courts have recognized that businesses have a limited right to privacy under 17 certain circumstances. *See Roberts v. Gulf Oil Corp.*, 147 Cal. App. 3d 770, 797 (1983). Courts 18 will employ a balancing test to determine whether to grant discovery when doing so infringes on a 19 corporation's right to privacy. *SCC Acquisitions, Inc. v. Superior Court*, 243 Cal. App. 4th 741, 20 756 (2015). Specifically, "[t]he discovery's relevance to the subject matter of the pending dispute 21 and whether the discovery 'appears reasonably calculated to lead to the discovery of admissible 22 evidence' is balanced against the corporate right of privacy." *Id.* (quoting *Hecht, Solberg, Robinson,* 23 *Goldberg & Bagley LLP v. Superior Court* 137 Cal. App. 4th 579, 595 (2006)).

24 Given that discovery may infringe on the other insureds' right to privacy, the Court will 25 balance this right against the need for discovery. This Court has already ruled that this discovery is 26 relevant to plaintiffs' claims for bad faith and punitive damages. Dkt. No. 62 at 2; *see generally* 27 *Colonial Life & Acc. Ins. Co. v. Sup. Ct.*, 31 Cal. 3d 785, 790-92 (1982); *Neal v. Farmers Ins. Exch.*, 28 21 Cal. 3d 910, 923 (1978). Additionally, even if the other insureds have protectible privacy rights,

"those rights do not preclude discovery that is relevant to the essential issues in the case." *Hecht*, 137 Cal. App. 4th at 595-96. As such, the Court orders defendant to produce the documents and information specified in the November 29, 2018 Discovery Order (Dkt. No. 62) directly to plaintiffs. However, to address the privacy concerns articulated by defendants and prevent any potential harm that may come from disclosing confidential information to a direct competitor, defendant shall redact the names of the other insureds, and the discovery can be made pursuant to the protective order and shall be made available for plaintiffs' attorneys' eyes only. Defendant shall make this production within one week of the filing date of this order.

**IT IS SO ORDERED**.

Dated: January 17, 2019

SUSAN ILLSTON
United States District Judge