UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ASPEN INSURANCE UK LIMITED,<br><br>Defendant. | Case No. 17-cv-03765-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. Nos. 75, 77, 78 |

The parties have submitted a discovery dispute to the Court for resolution. Before addressing the substance of the dispute, the Court notes that the parties have not been complying with this Court's standing order regarding discovery, which requires *inter alia* that the parties engage in an in-person meet and confer regarding the dispute and the submission of a joint letter. The parties are directed to adhere to the standing order and the Court informs the parties that any further noncompliance will result in the rejection of the discovery letter.[1]

With regard to the substance of the dispute, the parties disagree about what inquiries should be submitted to the accounting expert, as well as what information, if any, should be provided to the expert in conjunction with those questions. Defendant Aspen proposes that the parties set forth their respective policy interpretations to enable the expert to answer various questions, while plaintiff ADSCO asserts that it is unnecessary to do so and ADSCO accuses Aspen of attempting to "bias" the expert.

The Court has reviewed the redlined version of the draft letter to the expert submitted as Exhibit C to defendant's May 3, 2019 letter. The letter contains defendant's proposed inquiries and

---

[1] The Court will issue a separate order regarding the parties' dispute over plaintiffs' responses to defendant's request for production of documents.

policy positions and plaintiff's redlining and responses. Although plaintiff disagrees with much of what defendant has proposed, the redlined letter shows that the parties do agree on a number of inquiries. The Court finds that the most sensible course is to provide the expert with only those questions that are agreed-upon, and for the expert to notify the Court and the parties through a letter whether there is any additional information, such as the parties' interpretations of particular policy provisions, that the expert needs in order to answer the inquiries.

The parties shall submit the joint list of inquiries to the expert no later than **May 17, 2019**. The Court requests that if the expert believes that he needs more information in order to answer the inquiries, the expert should notify the Court and the parties regarding what additional information is required by **May 24, 2019**. The expert may provide a letter to the parties that the parties can file on the docket.

**IT IS SO ORDERED**.

Dated: May 15, 2019

SUSAN ILLSTON
United States District Judge