UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ASPEN INSURANCE UK LIMITED, <br><br> Defendant. | Case No. 17-cv-03765-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. No. 96 |

On October 22, 2019, the parties filed a joint letter seeking assistance with a dispute regarding two Rule 30(b)(6) depositions scheduled for October 22, 2019 – October 24, 2019 in London. The dispute concerns six topics that plaintiffs have identified as subjects for the depositions.[1] The six topics in dispute all relate to *Colonial Life* discovery. The topics are:

> z. Handling of the claims whose documents were produced pursuant to the Court's order concerning *Colonial Life* discovery.
>
> bb. Whether Aspen has, as to any insured who is a corporation other than plaintiffs, taken the position that expenses incurred by an insured before the insured gave Aspen notice of the claim do not count against the retention.
>
> ee. Whether, when Aspen defends insureds who are corporations against lawsuits venued in courts located in California, the defense counsel it retains make efforts to enforce indemnity agreements in favor of the insured.
>
> ff. Handling of claims made by insureds who are corporations on policies containing the endorsements attached as exhibits A or B to the deposition notice.[2]

---

[1] Plaintiffs originally noticed 57 topics (some with subparts) for the Rule 30(b)(6) depositions. Dkt. No. 96-2 (Ex. B). During the course of the parties' meet and confer efforts, the parties narrowed the scope of the topics somewhat.

[2] The deposition notice attached as Exhibit B to the parties' joint letter does not contain any exhibits showing endorsements.

jj. Aspen's position, as to any other policyholder who is a corporation, on whether defense costs incurred before tender erode or apply to self-insured retentions.

kk. Any positions Aspen has taken, as to any other policyholder who is a corporation and is a real estate developer, regarding whether an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," is anything other than the developer's construction project.

Dkt. No. 96.

Defendant objects that these topics are duplicative of issues already ruled upon by the Court, and that this discovery is overly broad, burdensome, non-proportional, untimely because the close of fact discovery is October 25, 2019, and not appropriate to ask a corporate witness to address during a deposition. Plaintiffs assert that the Court's prior order permitting plaintiffs to conduct some *Colonial Life* discovery regarding other policyholders does not preclude plaintiffs from seeking additional discovery, and that this discovery is relevant to plaintiffs' bad faith claim.

In orders filed on November 29, 2018 and January 17, 2019, the Court permitted plaintiffs to seek information regarding other insureds who had/have consecutive policies governed by California law, during the time period at issue in this case (2005-2015), and in the same line or type of insurance as plaintiffs' policies. *See* Dkt. Nos. 62 & 66. The Court also directed that this information be produced pursuant to the protective order and "Attorneys' Eyes Only." Aspen states that it "spent substantial time and resources reviewing files for potentially responsive materials, with the result that it identified two non-party insureds, one of which had five claims against it and the other none, for a total of 20 documents." Dkt. No. 96 at 3. Aspen asserts that "[n]one of the documents – which Aspen has produced – have any bearing on this litigation." *Id*.

Aspen contends that the six deposition topics at issue are duplicative of the earlier discovery, and that the burden and expense of this proposed discovery outweighs any likely benefit. Aspen states that "the policies and claim files are not coded or filed in a manner that would enable Aspen to search for the requested categories of information without expending many more hours of review." *Id*. at 4.

The Court concludes that with the exception of topic z, which relates to the materials already produced by Aspen, the discovery sought by plaintiffs is not proportional to the needs of the case and is overly burdensome. *See* Fed. R. Civ. P. 26(b)(1). While the Court agrees with plaintiffs that

the prior discovery orders did not preclude plaintiffs from seeking additional *Colonial Life* discovery, plaintiffs have not demonstrated that topics bb, ee, ff, jj, and kk are likely to lead to relevant information given that the prior discovery only revealed two other insureds with similar policies. The Court does find it appropriate for Aspen to produce a corporate designee who can testify about Aspen's handling of the claims against the non-party insured who Aspen disclosed in response to the earlier discovery orders. That deposition testimony can also be designated pursuant to the protective order. If Aspen's corporate designee is not able to provide this testimony during the depositions scheduled this week, the parties shall meet and confer regarding scheduling this deposition. The Court encourages the parties to explore whether a video deposition is possible.

**IT IS SO ORDERED**.

Dated: October 23, 2019

_____
SUSAN ILLSTON
United States District Judge