UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPEN INSURANCE UK LIMITED,<br><br>Defendant. | Case No. 17-cv-03765-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 98 |

The parties dispute whether plaintiffs may take the deposition of Greg Schopf. Mr. Schopf is an attorney who sent several letters on behalf of Aspen regarding two construction defect claims that were tendered under plaintiffs' policies. Plaintiffs assert that Mr. Schopf was acting as a claims examiner when he sent the letters to plaintiffs' insurance broker because Mr. Schopf investigated coverage issues and announced Aspen's position. Plaintiffs contend that the positions Mr. Schopf took in the letters were unreasonable, and they wish to question Mr. Schopf about the basis for various statements that he made in the letters.

Aspen describes Mr. Schopf as its coverage counsel, and contends that his communications with Aspen are protected under the attorney-client privilege. Aspen does not contend that the facts contained in Mr. Schopf's letters to plaintiffs' broker are confidential. Rather, Aspen asserts that Mr. Schopf's deposition is unnecessary because plaintiffs took the deposition of Aspen's corporate designee regarding Mr. Schopf's role and the claims handling of the two construction defect matters. Aspen also contends that plaintiffs can argue that the statements in Mr. Schopf's letters were unreasonable without taking his deposition.

The Court concludes that plaintiffs are entitled to take a limited deposition of Mr. Schopf regarding the letters that he sent to plaintiffs' broker. The attorney-client privilege does not protect

the underlying facts reflected in Mr. Schopf's letters to plaintiffs' broker. *See In re Subpoena of Curran*, No. 3:04-MC-039-M, 2004 WL 2099870, at *6 (N.D. Tex. Sept. 20, 2004) (holding insurance coverage counsel's letters to plaintiff setting forth partial acceptance and partial rejection of claim were not protected by attorney-client privilege). The Court is mindful that depositions of counsel are disfavored and will not be permitted when the information is available from other sources "less intrusive into the adversarial process." *Id.* at *8. Here, plaintiffs assert that when they questioned Aspen's Rule 30(b)(6) deponent about Mr. Schopf's role in claims handling, the corporate designee "would not even agree that Schopf had stated a position in either email, contending he was only asking questions," and that the witness testified that Aspen had not spoken with Schopf to prepare for deposition. Dkt. No. 98 at 2.[1] Accordingly, the Court will permit plaintiffs to take a deposition that is focused on the facts underlying Mr. Schopf's letters to plaintiffs' broker. However, plaintiffs may not question Mr. Schopf about any attorney-client communications between Mr. Schopf and Aspen.[2]

**IT IS SO ORDERED**.

Dated: November 8, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[1] The parties did not provide the Court with any excerpts from the corporate designee's deposition, nor did Aspen submit a declaration from Mr. Schopf describing the nature of his work for Aspen.

[2] Aspen states in the parties' joint letter that if plaintiffs depose Mr. Schopf, Aspen would be permitted to depose plaintiffs' counsel. Among other issues, the deadline for fact discovery has closed and it does not appear that Aspen noticed any such deposition prior to the deadline.