UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT D. SEENO CONSTRUCTION COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ASPEN INSURANCE UK LIMITED,<br><br>Defendant. | Case No. 17-cv-03765-SI<br><br>**ORDER RE: CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 131, 134 |

On September 18, 2020, the Court held a hearing on the parties' cross-motions for partial summary judgment. For the reasons set forth below, plaintiff's motion is GRANTED IN PART and DENIED IN PART, and defendant's motion is DENIED.

**DISCUSSION**

This is an insurance coverage dispute. Plaintiffs Albert D. Seeno Construction Company and related entities ("ADSCO") build houses and townhomes in subdivisions. Defendant Aspen Insurance UK ("Aspen") issued three consecutive general liability insurance policies to ADSCO covering the period December 2005 to December 2015. One policy covers December 1, 2005 to December 1, 2007; one policy covers December 1, 2007 to December 1, 2012; and the third policy covers December 1, 2012 to December 1, 2015.

The parties' cross-motions request that the Court interpret certain provisions of the policies, with such interpretations having various consequences for the claims and counterclaims in this case.[1]

---

[1] With regard to the specific disputes at issue in the current motions, the policies contain identical or substantially similar language.

As demonstrated by the voluminous briefing and as evident at the hearing, however, in some instances the parties' arguments about the policies' meaning is not based on specific policy language but rather upon asserted "industry practice" as developed through case law, as well as the parties' course of dealing. Further complicating matters, the parties' course of dealing changed over time. In resolving the parties' cross-motions, the Court has endeavored to interpret the policy provisions based upon the language of the policies, consistent with case law. However, where the parties' course of conduct has created factual disputes, the Court cannot resolve those matters on summary judgment.

### I.     Plaintiffs' Motion for Partial Summary Judgment

#### A.     "Supplementary Payments"

Plaintiffs seek a ruling that attorney's fees Aspen pays to defend ADSCO are not Supplementary Payments that erode the policies' limits. Plaintiffs also argue that if Aspen's attorneys' fees are supplementary payments, the Court should hold that those supplementary payments also satisfy the Self Insured Retention ("SIR").

The "Supplementary Payments – Coverages A and B" provision states, "1.  We will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend: a. All expenses we incur . . ." Dkt. No. 132-1 at 24.[2] There is no separate definition of "Supplementary Payments" in the policies. The "Costs Inclusive of Limits" endorsement modifies the policies to provide that supplementary payments "will reduce the limits of insurance." *Id*. at 35.

The Court agrees with defendant on this issue and holds that attorneys' fees that Aspen incurs to defend ADSCO are "supplementary payments" that erode the policy limits. *See Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 274-75 (5th Cir. 2015); *Nat'l Union Fire Ins. Co. v. West Lake Academy*, 548 F.3d 8, 18 (1st Cir. 2008). The Court also agrees with defendant that defendant's supplementary payments do not satisfy (reduce) the SIR. While plaintiffs cite cases holding that an insured can satisfy an SIR through payments from another source, such as other

---

[2] The page citations refer to the ECF page numbers in the upper right hand corner of the filed documents.

insurance, plaintiffs did not cite any authority for the proposition that an insurer's own payments can satisfy an insured's SIR. The Court concludes that the sentence "The Self Insured Retention will be eroded through the payment of supplementary payments on a per occurrence basis," as used in the SIR endorsement and the "Costs Inclusive of Limits" endorsement, refers to ADSCO's own attorneys' fees.

Accordingly, the Court DENIES plaintiffs' motion for partial summary judgment on this issue and holds that attorneys' fees that Aspen incurs to defend ADSO are "supplementary payments" that erode the policy limits, and that Aspen's attorneys' fees do not satisfy the SIR.

### B. Self Insured Retention and the Duty to Defend

Plaintiffs seek a ruling that the SIR has no relevance to Aspen's duty to defend and that Aspen cannot seek reimbursement of its defense costs in order to satisfy the SIR. The Court agrees with plaintiffs. "Unless the policy expressly says so, an SIR does not affect the insurer's duty to provide a 'first dollar' defense." Hon. H. Walter Croskey *et al*., California Practice Guide: Insurance Litigation (The Rutter Guide 2020) ¶ 385.1; *see also American Safety Indem. Co. v. Admiral Ins. Co*., 220 Cal. App. 4th 1, 4 (2013) (holding that absent express language applying SIR to defense obligation, "an insured could quite reasonably interpret [the policy language as providing a defense to arguably covered claims as soon as such claims are tendered and before any SIR has been paid").

Here, the SIR endorsement states that Aspen's obligation "to pay damages on your behalf applies only to the amount of damages in excess of any Self Insured Retention amounts stated in the schedule" and that "[t]he Self Insured Retention Amounts stated in the Schedule apply to . . . all damages because of 'bodily injury' and 'property damage' and 'personal injury' and 'advertising injury' as the result of any one 'occurrence' . . . ." Dkt. No. 132-1 at 34. In addition, the SIR endorsement expressly provides that Aspen's "right and duty to defend any 'suits' seeking those damages . . . apply irrespective of the application of the Self Insured Retention amount." *Id.* As noted *supra*, the SIR endorsement also states that "The Self Insured Retention will be eroded through the payment of supplementary payments on a per occurrence basis"; this is the only policy language that discusses how the SIR is satisfied.

3

The Court interprets the SIR endorsement as meaning that Aspen will only pay damages in excess of the SIR and that Aspen's duty to defend applies regardless of whether ADSCO has satisfied the SIR. ADSCO can satisfy the SIR by paying the first $250,000 of damages per "occurrence" – since Aspen will only pay damages in excess of the SIR – and ADSCO can satisfy the SIR through its "supplementary payments" of its own defense costs. There is no language in the SIR endorsement or elsewhere in the policies that states that the insured is *responsible* for defense costs in order to satisfy the SIR or that the insurer has the right to seek reimbursement of defense costs. *Compare Forecast Homes, Inc. v. Steadfast Ins. Co.*, 181 Cal. App. 4th 1466, 1471 (2010) (discussing Self Insured Retention endorsement that stated, *inter alia*, "you shall be responsible for payment of all damages and defense costs for each occurrence or offense, until you have paid self-insured retention amounts and defense costs equal to the [p]er [o]ccurence amount shown in the schedule . . . ."). Aspen has not cited any case law or policy language supporting its position that it has the right to reimbursement for defense costs it expends in order to satisfy the SIR.

Accordingly, the Court GRANTS plaintiffs' motion for partial summary judgment and holds that the SIR has no relevance to Aspen's duty to defend and that Aspen cannot seek reimbursement of its defense costs in order to satisfy the SIR.

### C. Self Insured Retention and "Occurrence"

Plaintiffs seek a ruling that "Aspen may not multiply the $250,000 per occurrence SIR amount by the number of limits or policies applicable to a suit or claim to require ADSCO to pay a larger per occurrence per SIR amount." Dkt. No. 131 at 19. Aspen's opposition asserts that ADSCO is mischaracterizing Aspen's position, and that "Aspen does not dispute that, if ADSCO were seeking coverage under only a *single* Policy – that is, if all claims in a lawsuit closed escrow during the same policy period – then ADSCO would only need to satisfy a single self-insured retention." Dkt. No. 162 at 28. Aspen also argues, *inter alia*, that the cases upon which ADSCO relies are distinguishable because those cases involved coverage under a single policy in the context of a continuous and progressive loss, while this case involves coverage under multiple policies with "construction defect losses [that] occur upon a single date – the home's first close of escrow." *Id.*

4

The Court finds that the parties' arguments about how the SIR operates with regard to an occurrence involve factual questions that cannot be resolved on the present motions. The parties appear to agree that if ADSCO is seeking coverage under a single policy, there is a single SIR that must be satisfied. However, the parties disagree about what constitutes an "occurrence" in the context of the claims tendered to Aspen, and at the hearing plaintiffs' counsel asserted that Aspen's position on the issue had changed over time. On this record, the Court is reluctant to interpret policy language divorced from the factual context in which the issues have arisen.

Accordingly, the Court DENIES plaintiffs' motion for partial summary judgment on this issue, finding that these questions must be resolved by the factfinder upon a fuller factual record.

## II.     Defendant's Motion for Partial Summary Judgment

Aspen requests partial summary judgment that the Voluntary Payments provision in the policies preclude ADSCO from (1) recovering defense costs incurred by ADSCO before Aspen received notice of the claim and (2) recovering settlement amounts incurred by ADSCO where Aspen did not consent to the settlements.

ADSCO argues that the payments at issue – whether for defense costs or settlements – were not "voluntary" because they were made only after Aspen informed ADSCO that ADSCO was required to satisfy the SIR *before* Aspen would defend a claim. The Court concludes that, viewing the evidence in the light most favorable to ADSCO (such as the correspondence related to the *Crume* matter), there are questions of fact as to whether the payments at issue were "voluntary." Accordingly, the Court DENIES Aspen's requests for partial summary judgment on the question of whether the Voluntary Payments provision bars ADSCO from recovering certain defense costs and settlement amounts.

Aspen also seeks partial summary judgment that certain claims are barred by the statutes of limitation. Aspen asserts that ADSCO is barred from asserting bad-faith damages for underlying matters that resolved prior to February 22, 2015, and breach of contract damages and unfair business practices damages for underlying matters that resolved prior to February 22, 2013. In response, ADSCO argues that there are some factual disputes regarding when certain underlying matters were

dismissed. More broadly, ADSCO argues that in 2008 (with the *Crume* matter), Aspen instituted a policy of unreasonably refusing to defend ADSCO irrespective of SIR satisfaction, despite Aspen knowing that it had a first dollar duty to defend ADSCO, and that Aspen did not change its policy until ADSCO hired coverage counsel in 2015, when it began defending ADSCO subject to a reservation of rights. ADSCO argues that under the continuing violations doctrine, Aspen's continuing policy of not defending ADSCO until the SIR was satisfied means that the statutes of limitations do not bar contract or tort damages.

The Court finds that the application of the statutes of limitations involves disputed factual questions and thus is not amenable to summary judgment. At trial, Aspen may renew its motions with respect to specific underlying matters through a Rule 50 motion if appropriate.

## CONCLUSION

For the reasons set forth above, the Court GRANTS in part and DENIES in part plaintiffs' motion for partial summary judgment, and DENIES defendant's motion for partial summary judgment.

**IT IS SO ORDERED**.

Dated: September 28, 2020

SUSAN ILLSTON
United States District Judge